Mathew K. Higbee, Esq., State Bar No. 241380
Hany Gonzalez, Esq., State Bar No. 335677
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(305) 764-9262
(714) 597-6559 facsimile
mhigbee@higbeeassociates.com
hgonzalez@higbeeassociates.com

*Attorneys for Plaintiff,*
QUANG-TUAN LUONG

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUANG-TUAN LUONG,<br><br>  Plaintiff,<br><br>v.<br><br>SYLVIA C. POLLIFRONE d/b/a SYLVIA C. TEAM, and DOES 1 through 10 inclusive,<br><br>  Defendants. | Case No. 2:23-cv-236<br><br>**COMPLAINT FOR**<br><br>**(1) COPYRIGHT INFRINGEMENT** |

Plaintiff Quang-Tuan Luong, for his Complaint against Defendant Sylvia C. Pollifrone d/b/a Sylvia C. Team and DOES 1 through 10 inclusive, alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*.

2. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3. This court has personal jurisdiction over Defendant because Defendant's acts of infringement complained of herein occurred in the state of California, Defendant's acts of infringement were directed towards the state of

California, Defendant caused injury to Plaintiff within the state of California, and Defendant has a physical presence in the state of California.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which substantial part of the acts and omissions giving rise to the claim occurred.

## PARTIES

5. Plaintiff Quang-Tuan Luong ("Luong") is an individual and professional photographer.

6. Defendant Sylvia C. Pollifrone d/b/a Sylvia C. Team ("Sylvia Team") is a California business with a business address of 16185 Los Gatos Blvd #205 Los Gatos, CA 95032.

7. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

## FACTUAL ALLEGATIONS

8. Plaintiff Quang-Tuan Luong is a French-Vietnamese born American photographer known for his work in the U.S. National Parks.

9. In 2002, Luong had photographed all the (then) 57 national parks and was the first to do so. He has since continued to work in the national parks in great depth using his uncommon wilderness skills, creating a singularly comprehensive record of America's landscape.

10. In 2013, he was the first to photograph all the 59 national parks. He continued that streak in 2018, when Gateway Arch was established as the 60th national park and again in 2019 when Indiana Dunes was established as the 61st national park and White Sands was established as the 62nd national park.

11. In 2016, to celebrate the National Park Service's Centennial, Luong published his major book *Treasured Lands: A Photographic Odyssey through America's National Parks*, which won several awards including the Benjamin Franklin Award from the Independent Book Publishers Association, the Independent Publisher Book Awards, and the Nautilus Book Awards.

12. As of 2019, Luong is the only person known to have photographed each of the U.S. national parks on film.

13. In 2020, Luong received the Robin W. Winks Award For Enhancing Public Understanding of National Parks from the National Parks Conservation Association.

14. In 2022, Luong received the Ansel Adams Award for Conservation Photography from the Sierra Club.

15. Luong is the sole author and exclusive rights holder to two photographs: one photograph of downtown San Jose, California (the "San Jose Photograph") and one photograph of the Campbell water tower in Campbell, California (the "Campbell Photograph") (collectively, the "Photographs").

16. Attached hereto as Exhibit A are true and correct copies of the Photographs.

17. Luong registered the Photographs with the United States Copyright Office. The San Jose Photograph and the Campbell Photograph are registered under Registration Number VA 1-810-485.

18. Defendant Sylvia Team deals in California real estate transactions in areas such as Campbell, Los Gatos and San Jose.

19. Sylvia Team has over 30 years of Silicon Valley home sales experience and has now sold over one billion dollars in real estate.

20. Sylvia Team is the owner and operator of the website https://sylviachometeam.com ("Website").

21. Luong is informed and believes Sylvia Team markets its services through its Webpage in order to attract user traffic and drive client revenue.

22. On or about March 5, 2021, Luong discovered his San Jose Photograph being used by Sylvia Team on its Website to recite the history of downtown San Jose and how the San Jose Redevelopment Agency revitalized the downtown area, moving it away from its agriculture-based roots.

23. On or about March 5, 2021, Luong discovered his Campbell Photograph being used by Sylvia Team on its Website to recite the history of the city of Campbell and how Campbell moved away from its orchard land roots to become a suburban residential neighborhood.

24. Attached hereto as Exhibit B are true and correct screenshots of the use of Luong's Photographs on Sylvia Team's Website.

25. In no event did Luong offer Sylvia Team a license to use his Photographs in any manner.

26. Luong is informed and believes Sylvia Team created unauthorized copies of Photograph.

27. Luong is informed and believes Sylvia Team uploaded the Photographs to its Website.

28. Luong has made several attempts to settle this case prior to the filing of this Complaint.

**FIRST CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. § 101 *et seq.***

1. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

2. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Photographs.

3. Plaintiff is informed and believes and thereon alleges that said Defendant willfully infringed upon Plaintiff's copyrighted Photographs in violation of Title 17 of the U.S. Code, because, *inter alia*, the Defendant also knew or should have known that they did not have a legitimate license for the Photographs.

4. As a result of Defendant's violation of Title 17 of the U.S. Code, Plaintiff is entitled to actual damages and profits pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c).

5. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

6. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of her copyright pursuant to 17 U.S.C. § 502.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For a finding that Defendant infringed Plaintiff's copyright interest in the Photographs by copying, displaying, and distributing it without a license or consent;
- For an award of actual damages and disgorgement of all of profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;
- For an injunction preventing Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502;
- For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;
- For pre judgment interest as permitted by law; and
- For any other relief the Court deems just and proper.

Dated:      January 12, 2023                    Respectfully submitted,

**s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Cal. Bar No. 241380
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8358
(714) 597-6559 facsimile
*Attorney for Plaintiff*